Minks et al., Appellants, v. Byerly et al., Appellees.

(Decided October 17, 1938.)

Mr. M. D. Evans and Mr. C. M. Murphy, for appellants.

Messrs. Austin, Smyth & Sweeney, for appellees.

Lemert, J. The plaintiffs in the court below, by way of petition, alleged that on the 9th day of August, 1928, the plaintiffs, together with the defendants, Rudolph W. Byerly and Florence Caillet, nee Florence M. Byerly, in the city of Massillon made and executed their promissory note, in writing, in the words and figures following:

"$3500                          Massillon, Ohio, Aug. 9, 1928.

"For value received we promise to pay to the order of The First Savings and Loan Company of Massillon, Ohio, of which we are members, thirty-five hundred dollars ($3500) together with interest, and such taxes, assessments and insurance as are in default, in monthly installments of not less than thirty-five dollars ($35) each, payable at the office of the company on or before the 15th of each calendar month, during the con-

tinuance of the loan. Said payments shall be credited to said members on the last day of April and October each year as follows:

"First: To the payment of interest on said loan for said six months period or fraction thereof, at the rate of six per cent per annum, provided the regular monthly payments above set forth are paid on or before the date stipulated. In default of any of said installments being paid as provided above, the interest for the current period shall be at the rate of seven per cent per annum.

"Second. To the payment, at the option of said company, of such taxes, assessments, insurance and other liens, with interest thereon at seven per cent, as may be paid by the company on property securing this loan.

"Third: The balance of said payments shall be credited on the principal of the loan.

"If any payment required hereby be unpaid for a period of two months, the entire amount of this obligation shall thereupon become due and payable at the option of the company.

"It is agreed and understood that at any time after six months from the date hereof the whole amount then unpaid on this loan shall, at the option of said company, become due and payable and the mortgage or other security enforced for the payment thereof.

"Clyde M. Minks
"Sarah M. Minks
"Florence M. Byerly
"Rudolph W. Byerly."

Endorsements thereon:

"For value received (I or we) hereby agree to pay interest on this note at the rate of 6½ per cent per annum, provided payments are made as stipulated in said note, and if not made as stipulated, at the rate of

7 per cent per annum, from the 1st day of May, 1930, and ratify this note in all other particulars.

"Feb. 19, 1930.                                    Rudolph Byerly.
                                                      "Oct. 1, 1934.

"For $1 and other valuable consideration we hereby transfer without recourse on us all our right, title and interest in and to the within note to Clyde and Sarah Minks.

"The First Savings & Loan Co.
"By Arthur J. Ellis, Secretary."

To this petition in the court below defendants demurred, for the following reason: That it appears upon the face of the petition that the facts therein contained do not constitute a right of action in favor of the plaintiffs and against defendants. The court below sustained this demurrer, and appeal is prosecuted to this court upon questions of law.

This is an action of the plaintiffs against the defendants upon the note hereinbefore set forth, alleged to have been signed by the plaintiffs, the defendant Rudolph W. Byerly, and Florence M. Byerly, now known as Florence Caillet.

Plaintiffs allege in their petition that on or about September 8, 1934, there was a balance of $1,167 due and owing on the note, and that the defendants, Rudolph W. Byerly and Florence M. Caillet, failed and neglected to pay that amount.

The plaintiffs further alleged that they were compelled to pay the note and that they did so pay the balance remaining due and owing thereon on or about the 1st day of October, 1934.

Now these plaintiffs attempt to found their action on the promissory note, which they alleged in their petition has been paid.

The note set forth in plaintiffs' petition is in the form of and therefore is a negotiable note under Section 8224, General Code.

The plaintiffs in this action, Clyde M. Minks and Sarah M. Minks are, according to the note set forth in the petition, principal debtors. They are makers on the note and were, under the Ohio General Code governing negotiable instruments, primarily liable on the instrument. The note, according to the petition, contained a provision that if any payments required to be made thereon remained unpaid after a period of two months the entire amount of the obligation was due at the option of the named payee and holder. The petition alleges that the named payee-holder did exercise its option to declare the whole amount due and required them, the plaintiffs, to pay off the balance of $1,164 then remaining unpaid. The plaintiffs did therefore come into possession of the note at or after maturity and therefore became holders of the instrument and the instrument was thereby discharged.

We are of the opinion that the purported assignment of The First Savings & Loan Company, the named payee and holder of the note, to the plaintiffs, is therefore in law a mere nullity. This we believe to be the law of Ohio as evidenced by a long list of authorities, which we believe is unnecessary here to recite at greath length, but we do take occasion to refer to the case of *Zuellig* v. *Hemerlie,* 60 Ohio St., 27, 53 N. E., 447, 71 Am. St. Rep., 707. In that case the action was brought by the plaintiff in error to be subrogated to the rights of a mortgage creditor to whom, as a surety of the ancestor of defendants in error, he had paid the mortgage debt. The sufficiency of the petition was the only question before that court, the same as in the instant case. The court in its opinion in that case, at page 34, says:

"Where a surety who pays a debt of his principal takes from the creditor an assignment of the securities the creditor held, there arises no necessity for an appeal to equity, for the surety, by the concurrent acts

of himself and the creditor, has become vested with the legal title to the securities, and under our system of jurisprudence may sue on the securities in his own name. According to the doctrine that generally prevails, and as we think the better doctrine, where, he has not taken this precaution, a surety cannot maintain an action at law on the security, for at law the payment extinguishes the security whatever its nature may be, whether a note, a judgment or a mortgage. In such case it is those principles peculiar to our system of equitable jurisprudence that preserve the securities for the benefit of the surety and subrogate him to the rights of the creditor. This right of subrogation thus arising is purely and simply a creature of that system of jurisprudence to which it owes its existence. But for that system which we call equity, the right of subrogation would not arise.''

This case is authority for the proposition that merely paying off an obligation does not in this state, at least, operate as a subrogation to securities but that it will be necessary to bring a special equity proceeding before subrogation.

In a very well considered Nisi Prius case, *Elsea* v. *Pepple*, 12 N. P. (N. S.), 468, 22 O. D. (N. P.), 552, the court held:

''A surety who pays his principal's promissory note when due, has a cause of action against him for reimbursement. And where the note is not in judgment and is independent of any security, lien or preference, the action in favor of the surety rests upon the implied promise of the principal to save him harmless in the premises, and is barred in six years under the provisions of Section 11222 of the General Code, notwithstanding the note has been assigned to the surety by the payee.''

The court further said:

'' * * * it is argued in support of the plaintiff's con-

tention that the same principle which entitles the surety to be subrogated to the rights of the creditor in securities for the debt applies with equal force to the debt itself. This argument is without either reason or authority where the debt is independent of any security * * *."

The case at bar seems to be on all fours with the foregoing case, and it is apparent that the assignment of the note gave no lien or preference. We are aware of the fact that the decisions in other states are not uniform, but, following the above cited cases, the court finds that the surety in this case can not base an action upon the note, itself, and for that reason we are of the opinion that the court below was right in sustaining the demurrer to the petition. The judgment will be affirmed.

*Judgment affirmed.*

MONTGOMERY, P. J., and SHERICK, J., concur.